IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Brandi Carr as Temporary Administrator of the Estate of Devonte Dawayne Brown, and in her individual capacity<br><br>Plaintiff,<br><br>v.<br><br>Ian McConnell, in his Individual capacity<br><br>Defendant. | Civil Action File No. |

## COMPLAINT

COMES NOW Plaintiff, Brandi Carr as Temporary Administrator of the Estate of Devonte Dawayne Brown and in her individual capacity (hereinafter "Plaintiff"), by and through the undersigned attorneys, and hereby files this Complaint against Ian McConnell, in his Individual capacity (hereinafter "Defendant McConnell"). All Estate Claims are brought timely pursuant to O.C.G.A § 9-3-92.

1

INTRODUCTION

*The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable. It is not better that all felony suspects die than that they escape. Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so. It is no doubt unfortunate when a suspect who is in sight escapes, but the fact that the police arrive a little late or are a little slower afoot does not always justify killing the suspect. A police officer may not seize an unarmed, nondangerous suspect by shooting him dead.*

------*Justice Byron White, Tennessee vs Garner, 471 U.S. 1 (1985)*

On August 18, 2021, Devonte Dawayne Brown, a 28-year-old black male, was gunned down by Officer Ian McConnell ("Defendant McConnell") of the Cobb County Police Department. At the time Mr. Brown was shot by Defendant McConnell, he was unarmed and posing no threat to law enforcement or others.

Plaintiff brings federal constitutional claims against Defendant McConnell, in his individual capacity, for committing acts under color of law that deprived Devonte Dawayne Brown (hereinafter "Devonte" or "Mr. Brown") of his rights under the Constitution and the laws of the State of Georgia by using excessive and deadly force against Mr. Brown; whereby, Mr. Brown was unarmed and posing no threat to law enforcement or others. Further, Plaintiff brings state law claims of Survivorship, Assault and Battery against Defendant McConnell.

Devonte Brown with his son

JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. § 1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

4.

At all times relevant hereto, Plaintiff Brandi Carr, as Temporary Administrator of the Estate of Devonte Dawayne Brown (see Ex. A), resides in the State of Georgia and is a citizen of the United States of America.

5.

At all times relevant hereto, Defendant McConnell was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in his capacity as a law enforcement officer employed by Cobb County Police Department. Defendant McConnell is sued in his individual capacity.

## FACTUAL ALLEGATIONS

*Events That Occurred on August 18, 2021*

6.

On August 18, 2021, approximately at 3:30 p.m., Officer Mark Walker of the Cobb County Police Department stopped Devonte Brown for a traffic violation near the intersection of South Marietta Parkway and Powder Springs Road.

7.

During the course of the traffic stop, Officer Walker asked Mr. Brown for his driver's license which he refused. Officer Walker then radioed for backup and

instructed Mr. Brown to park his vehicle; instead of parking his vehicle, Mr. Brown decided to drive off.

8.

Officer Walker initiated a chase and reported it via radio transmission to dispatch.

9.

Thirty (30) seconds into the chase, Officer Walker performed a precision immobilization technique maneuver ("pit maneuver") on Mr. Brown's vehicle while on Powder Springs Road.

10.

The pit maneuver was unsuccessful, and eventually, Mr. Brown hit a concrete pillar in his attempt to avoid hitting other drivers- all of Mr. Brown's side airbags deployed upon impact and there was visible damage to his front tires.

11.

While Mr. Brown's vehicle was stopped, Officer Walker approached the driver-side of Mr. Brown's vehicle from the rear but always maintained a distance of at least 15 feet from the vehicle. Officer Walker instructed Mr. Brown, with his weapon drawn, to put his hands up but stated he was unable to see into the vehicle. Officer Walker maintained his position with his weapon drawn on Mr. Brown's vehicle until Mr. Brown drove forward back onto Powder Springs Road. At no

time did Officer Walker discharge his service weapon.

12.

At some time after, Officer Clifford Kelker of the Cobb County Police Department, Deputy William Piepmeier and Lieutenant Brian Tighe of Cobb County Sherriff's Department joined in the pursuit of Mr. Brown; and Officer Walker, Officer Kelker, and Deputy Piepmeier were able to box in Mr. Brown's vehicle from the front, back, and right side.

13.

Deputy Piepmeier stated once he pulled his vehicle even closer to the rear of Mr. Brown's vehicle, Mr. Brown was unable to get away.

14.

Defendant McConnell was the last officer to arrive on scene. Defendant McConnell rammed his patrol vehicle into Mr. Brown's driver's side door completely boxing in Mr. Brown's vehicle on all sides capturing Mr. Brown.

15.

Mr. Brown's steer-side tire was completely disabled limiting his ability to operate the vehicle. Mr. Brown's airbags were deployed, and he was completely boxed in when Defendant McConnell exited his vehicle.

16.

Upon exiting his vehicle, Defendant McConnell shouted commands for Mr.

Brown to show his hands. Subsequently, and at the time Mr. Brown's vehicle was not moving, Defendant McConnell fired his weapon 7 times into Mr. Brown's vehicle, paused, and fired 5 more shots into the vehicle. As a result of Defendant McConnell's actions, Mr. Brown died.

17.

Notably, no other officers shot their service weapons.

18.

Mr. Brown was shot 8 times by Defendant McConnell; 3 times to face/head, 2 times to the chest, 1 time to the neck, and 1 time each into both arms.

19.

At the time in which Mr. Brown was shot, he was unarmed and not posing an immediate threat to officers or others.

20.

Notably, Cobb County Police Department Policy 5.15 *Vehicle Pursuits* states the following:

> G. **Prohibited Practices**
> 2. Officers will not discharge their weapons at a moving vehicle unless the driver and/or occupant(s) are using deadly force.

21.

At all times relevant, Mr. Brown was shot, he was unarmed and not posing a threat to officers or others.

22.

At all times relevant, Defendant McConnell, was acting under color of state law in his capacity as a law enforcement officer employed by the Cobb County Police Department.

23.

Defendant McConnell acted with actual malice at the time in which he killed Mr. Brown.

24.

At all times relevant, Brandi Carr and Devonte Brown were married.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment
### (Survivorship Claim)

25.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 of this Complaint,

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, orother appropriate proceeding for redress…..

26.

Defendant McConnell to this claim is a person for purposes of 42 U.S.C. § 1983.

27.

Defendant McConnell, at all times relevant hereto, was acting under the color of state law in his capacity as an Officer for the Cobb County Police Department, and his acts or omissions were conducted within the scope of his official duties or employment.

28.

At the time of the complained of events, Devonte Brown had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

29.

Devonte Brown also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

30.

Any reasonable Officer of Cobb County Police Department knew or should

have known of these rights at the time of the complained of conduct as they were clearly established at that time.

31.

Defendant McConnell's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment right of Devonte Brown.

32.

Defendant McConnell's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Devonte Brown's federally protected rights. The force used by Defendant McConnell shocks the conscience and violated the Fourth Amendment right of Devonte Brown.

33.

Defendant McConnell unlawfully seized Devonte Brown by means of objectively unreasonable, excessive and conscious shocking physical force. The force used was deadly force and did cause the death of Devonte Brown.

34.

Defendant McConnell engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Devonte Brown's federally protected constitutional rights.

35.

Defendant McConnell did so with shocking and willful indifference to Devonte Brown's rights and with conscious awareness that it could cause Devonte Brown severe bodily harm or death.

36.

The acts or omissions of Defendant McConnell were the moving forces behind Devonte Brown's injuries. The acts or omissions of Defendant McConnell as described herein intentionally deprived Devonte Brown of his constitutional rights and caused him other damages. Defendant McConnell is not entitled to qualified immunity for his actions.

37.

As a proximate result of Defendant McConnell's unlawful conduct, Devonte Brown was killed. As a further result of Defendant McConnell's unlawful conduct, Devonte Brown has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

38.

On information and belief, Devonte Brown suffered lost future earnings not yet fully ascertained sequelae of his death, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be

special damages for lien interests.

39.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Devonte Brown.

40.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

**SECOND CLAIM FOR RELIEF**
**ASSUALT AND BATTERY**

41.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 of this Complaint.

42.

Defendant McConnell's actions against Devonte Brown were unreasonable and excessive force. At the time Devonte Brown was shot by Defendant McConnell, he was unarmed, boxed in, and not posing an immediate threat to officers or others. Defendant McConnell acted with a depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of Devonte Brown, and was undertaken in bad faith and with actual malice.

43.

Additionally, Defendant McConnell clearly violated Cobb County Police Department Policy 5.15.

44.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## THIRD CLAIM FOR RELIEF
## SURVIVORSHIP

45.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 of this Complaint.

46.

On or about August 18, 2021, Defendant McConnell, an employee and uniformed officer with the Cobb County Police Department, committed a battery when he discharged his handgun to intentionally strike Devonte Brown.

47.

The act of discharging his handgun at Devonte Brown was the intended act of Defendant McConnell and was carried out in bad faith and with malicious intent. As a direct and proximate result of the acts of Defendant McConnell, Devonte Brown was killed.

48.

Defendant McConnell was acting within the scope of his employment with the Cobb County Police Department.

49.

Prior to his death Devonte Brown suffered loss of his liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, medical expenses, and

funeral and burial expenses.

50.

Plaintiff in her capacity as the Temporary Administrator of the Estate of Devonte Brown asserts claims under 42 U.S.C. 1983 and the relevant survivorship statutes.

51.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;
2. Judgment for exemplary or punitive damages;
3. Cost of suit;
4. Costs of medical treatment for the Devonte Brown's final injury that caused his death;
5. Funeral and burial expenses;
6. Conscious fright, shock, pain and suffering experienced by the Devonte Brown before his death.

Such other relief as this Honorable Court may deem just and appropriate

## FOURTH CLAIM FOR RELIEF
## LOSS OF CONSORTIUM

52.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 of this Complaint.

53.

Brandi Carr and Devonte Brown were married at the time of the incident and had been married for over seven (7) years.

54.

The acts or omissions of Defendant McConnell as described herein were the moving forces behind Devonte Brown's death and Plaintiff has suffered a loss and invasion of the rights known as consortium.

55.

Plaintiff is further deprived of Devonte Brown's mutual aid, companionship, love, advice, comfort, cooperation, and services.

56.

Plaintiff has suffered shock and mental anguish, pain and suffering, loss of society, and companionship due to Devonte Brown's death.

57.

WHEREFORE, Plaintiff prays for the following relief:

1. That Plaintiff recover for shock and mental anguish, pain and suffering, loss of society, and companionship in the amount to be determined by the enlightened conscience of the jury;

2. All Court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount in excess of $100,000.0

b. economic losses on all claims allowed by law;

c. special damages in an amount to be determined at trial;

d. punitive damages on all claims allowed by law against individual Defendants and in an amount in excess of $100,000.00

e. attorneys' fees and the costs associated with this action under 42 U.S.C.

f. § 1988, including expert witness fees, on all claims allowed by law;

g. pre- and post-judgment interest at the lawful rate; and,

h. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUEST A TRIAL BY JURY.**

## CERTIFICATE OF TYPE STYLE

This document was prepared using Times New Roman 14-point font.

Respectfully submitted this 24th day of June 2024.

/s/ *Crystal R. Carey*
Crystal Carey, Esq.
Georgia Bar No. 880839
Law Offices of Harry M. Daniels, LLC
4751 Best Road, Suite 490
Atlanta, GA 30337
Tel.: (678) 664-8529
carey@harrymdaniels.com

*/s/ Chantel Cherry-Lassiter*
Chantel Cherry-Lassiter, Esq.
Georgia Bar No. 314351
Law Offices of Harry M. Daniels, LLC
4751 Best Road, Suite 490
Atlanta, GA 30337
Tel.: (678) 664-8529
chantel@harrymdaniels.com

*/s/ Bernarda Villalona*
Bernarda Villalona, Esq.
New York Bar No. 4444451
Villalona Law, PLLC
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Tel.: (833)845-5256
Bernarda@VillalonaLaw.com
*Pending Approval of Special Admission of a Non-Resident Lawyer*

/s/ *Harry M. Daniels*
Harry Daniels, Esq.
Georgia Bar No. 234158

Law Offices of Harry M. Daniels, LLC
4751 Best Road, Suite 490
Atlanta, GA 30337
Tel.: (678) 664-8529
daniels@harrymdaniels.com